UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA JEAN KANT,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNITED STATES, et al.<br><br>                    Defendants. | Case No. 21-cv-05827-AGT<br><br>**SCREENING ORDER** |

Having granted Paula Jean Kant's application to proceed *in forma pauperis*, *see* dkt. 10, the undersigned magistrate judge now screens her complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), and concludes that it is deficient. The Clerk of the Court is accordingly instructed not to issue summonses or to serve Kant's complaint on the defendants. If Kant fails to file a satisfactory amendment, the undersigned will recommend that a district judge dismiss her case.[1]

### A. The Allegations

Kant's pro se complaint is difficult to follow. As best the Court can tell, here are the basic facts she's alleged. In 2007, Kant used her funds and credit to finance someone else's start-up business. Shortly after, she learned that the start-up founder was a scam artist. *See* Dkt. 1 at 10. To protect herself and her Northern California-based home "from what was an unacceptable, dangerous situation," she began to conduct legal research. *Id.* Ultimately, she drafted "a Federal Civil, Criminal CIVIL LIBERTIES Complaint." *Id.* She sent this complaint to the Civil Rights Division of the U.S. Department of Justice, in Washington, D.C. *See id.* at 29.

From excerpts that appear in her current complaint, it appears that the central thrust of Kant's

---

[1] Kant declined to consent to magistrate-judge jurisdiction. *See* Dkt. 8. However that decision by her doesn't affect the undersigned's ability to issue this screening order, which is not dispositive of Kant's claims. *See* 28 U.S.C. § 636(b)(1)(A); *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168–69 (9th Cir. 2015) (even without consent, magistrate judges have authority to determine nondispositive matters).

2007 complaint was her objection to U.S. laws criminalizing marijuana. She wrote that the government had intentionally disregarded the recommendations of "the Shafer Commission." *Id.* at 30–31. As has been noted elsewhere, the Shafer Commission, in a 1972 report, "recommended decriminalizing possession and casual distribution of small amounts of marijuana." *United States v. Cannabis Cultivators Club*, 5 F. Supp. 2d 1086, 1105 (N.D. Cal. 1998). Kant, in 2007, argued that national drug policies ran counter to the Shafer Commission's report, and that this had "resulted in the loss of freedom from unwarranted assaults, illegal arrests, seizures and theft of property." Dkt. 1 at 31.[2]

It's unclear how Kant's views about marijuana related to her loss of money to the start-up scam artist. But in any event, Kant says after that loss, she drafted her complaint and shared it "locally, statewide, nationally, then internationally." *Id.* at 11. Then on May 15, 2008, "as a direct result of [her] political and civil rights activities, the door [to her] home was splintered in and [she] was dragged out of [her] house by the police." *Id.* Her house was then auctioned off in September 2008. *See id.* Afterwards, Kant alleges that she left the United States for Mexico, where she stayed for twelve years until she was "ILLEGALLY DEPORTED BACK HERE." *Id.* at 11–12. Kant, at times, seems to suggest that she sought sanctuary in Mexico. *See id.* at 11 ("[I]n the same way that dissidents from 'other countries' must flee from political persecution, I did the same . . . ."). Other times, she refers to Mexico as "a political prison" and a "de-facto 'GITMO.'" *Id.* at 12; *see also id.* at 36 ("I have existed in a quasi-guantanamo bay situation in a non-traditional form of a CIA run black op prison site, in mexico where I've been since SEP 29 08 . . . .").

Kant compares herself to Mahatma Gandhi and Nelson Mandela. *See id.* at 42. She says that bipartisan political pressure "has been exerted from the 'highest ranks'" to prevent any change in her status. *Id.* at 12. She also contends that her "investment and 'standing' in this matter uniquely arises under [her] great grandmother & aunts' genealogical research and also [her] abject level of disfranchisement . . . ." *Id.* at 6. She says that the Supreme Court is aware of her situation, because in 2007 she emailed a copy of her complaint to now-Justice Kagan, then the dean of Harvard Law

---

[2] Many sentences or phrases in Kant's complaint appear in bold or italics, or are underlined. In all quotations to her complaint in this order, these forms of emphasis have been omitted.

1 School. *See id.* at 22–23, 29–32.

2 Kant names two defendants in her current complaint: the United States and Attorney General Merrick Garland. *See id.* at 1. She insists that they have a "nonviable position" that is in "exact opposition to the causes of 1776." *Id.* at 3. She also asserts that the defendants violated her constitutional rights. Specifically, she makes mention of rights under the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. *See id.* at 3, 6, 15. She seeks damages pursuant to 42 U.S.C. § 1983. *See id.* at 47–48.

### B. Analysis

Kant is proceeding *in forma pauperis*, which means that she has been allowed to commence her case without paying filing fees. The Court, in consequence, must screen her complaint to determine if it (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000). Falling under the umbrella of frivolous in this context are complaints with allegations that "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

All three of the § 1915(e)(2)(B) categories may apply here. But it is unnecessary to consider the first category, because the second and third are clearly implicated.

Kant seeks damages from the United States for allegedly violating her constitutional rights. But the United States cannot be sued for such relief because it has sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *id.* at 478 ("[T]he United States simply has not rendered itself liable under [the Federal Tort Claims Act] for constitutional tort claims."); *Thomas–Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988) ("[T]he United States has not waived its sovereign immunity in actions seeking damages for constitutional violations."). Because Kant seeks monetary relief against a defendant "who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(iii), she cannot currently move forward with her claims against the United States.

Kant also seeks damages from the Attorney General, Merrick Garland, for allegedly violating her constitutional rights. But Kant hasn't identified any specific actions taken by the

3

Attorney General against her in his individual or official capacity. Indeed, AG Garland wasn't even appointed until 2021, while the events alleged by Kant all took place before then: she allegedly lost her home in 2008, fled to Mexico, and then was "illegally deported" back to the United States twelve years later, in or around 2020. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Which means that Kant must plead that AG Garland, "through [his] own individual actions, has violated the Constitution." *Id.* Kant hasn't done so. She either needs to identify specific actions taken by the Attorney General, or she needs to replace him with other defendants who took specific actions against her, and she must describe what those actions were.[3] Because Kant has failed to state a claim for relief against AG Garland, her claims against him cannot move forward at this time. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Kant may file an amended complaint, by October 22, 2021, to correct the identified deficiencies. If she doesn't file an amended complaint by that date, or if her amended complaint is still deficient, the undersigned will recommend that a district judge dismiss her case. The initial case management conference and the related CMC-statement due date, *see* dkt. 7, are vacated.

Kant is encouraged to visit the Northern District of California's website, where she can obtain information and resources about appearing pro se. *See* U.S. District Court, N.D. Cal., Representing Yourself, https://cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: September 17, 2021

ALEX G. TSE
United States Magistrate Judge

---

[3] To successfully bring a private right of action for damages, Kant may also need to rely on *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and its progeny, instead of on 42 U.S.C. § 1983. *See Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) ("*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. Though more limited in some respects . . . , a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.") (simplified). *But see also Cabrera v. Martin*, 973 F.2d 735, 742 (9th Cir. 1992) ("Although federal officials acting under federal authority are generally not considered to be state actors, they may be liable under § 1983 if they are found to have conspired with or acted in concert with state officials to some substantial degree.").