UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA JEAN KANT,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>   Defendant. | Case No. 21-cv-05827-AGT<br><br>**ORDER DENYING MOTION FOR PACER FEE WAIVER**<br><br>Re: Dkt. No. 12 |

  Paula Jean Kant was allowed to commence her case without paying filing fees and was designated as an e-filer, meaning that she has email access to all orders and other documents filed in her case. She has now asked the Court to grant her free access to PACER, an electronic public-access service for court documents. *See* Dkt. 12. For three reasons, her motion is denied.

  *First*, as an e-filer, Kant can download without charge any order, motion, or other document filed in her case. This means she doesn't need access to PACER to keep abreast of all case activity.

  *Second*, PACER's costs, $0.10 per page, with a maximum of $3.00 per document, are modest.[1] These fees aren't charged for profit, but for the development and maintenance of PACER's public-access services. *See* n.1, *supra*. Although Kant has resource constraints, *see* Dkt. 10, she should be able to pay these modest fees if she needs to review filings in cases in which she isn't a litigant.

  *Third*, as Judge Marilyn Hall Patel (Ret.) articulated in a different case, in which she denied a similar motion, "[Kant] has not shown why [she] needs free access to PACER under the circumstances, and the court will not give [her] carte blanche to access through PACER the documents

---

[1] *See* https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (Jan. 1, 2020).

filed not only in [her] case but in thousands of cases throughout the federal court system." *Givens v. City and Cty. of S.F.*, 2009 WL 650264, at *4 (N.D. Cal. Mar. 10, 2009).

Kant's motion is denied.[2]

**IT IS SO ORDERED.**

Dated: December 7, 2021

ALEX G. TSE
United States Magistrate Judge

---

[2] Kant declined to consent to magistrate-judge jurisdiction. *See* Dkt. 8. However that decision by her doesn't affect the undersigned's ability to issue this order, which is not dispositive of Kant's claims. *See* 28 U.S.C. § 636(b)(1)(A); *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168–69 (9th Cir. 2015) (even without consent, magistrate judges have authority to determine nondispositive matters).